## SETH F. ALLEN *vs.* ENOCH LEONARD.

A. contracted in writing to furnish materials and build a house for B. for a certain sum, to be paid by B. After A. had entered upon the performance of his contract, C. agreed to pay him according to his contract with B. if he would go on and finish the house. *Held,* that C. was liable to A. for all work done and materials furnished after C.'s undertaking, although A. had previously commenced proceedings against B. to enforce a claim for a mechanic's lien on the house for labor and materials. *Held, also,* that after C. had introduced evidence of the proceedings to enforce this lien, as tending to show that A. believed that his claim was against B. alone, A. might introduce evidence that at the time of making that claim he spoke to his counsel in those proceedings about his claim on C. *Held, further,* that C. could not introduce evidence that he was a person of large property and in good credit, without other evidence that these facts were known to A.

ACTION OF CONTRACT upon an account annexed to recover $460.27 for labor and materials in building a house. Trial in the court of common pleas, before *Sanger,* J.

The plaintiff testified that in August 1855 he made a written contract with L. H. Leonard to build a house for him, supply the materials, and finish it on or before the 1st of March following, for which Leonard agreed to pay him $550 ; and that after having put up part of the frame of the house and done some work, the defendant agreed to pay him according to the contract, if he would go on and finish the house. The defendant denied that he had ever made any agreement with the plaintiff, and contended that L. H. Leonard was the only person liable to the plaintiff.

The defendant, for the purpose of showing that the plaintiff had always considered his claim to be against L. H. Leonard, introduced in evidence a claim for a mechanic's lien, made on oath by the plaintiff on the 13th of March 1856 on the written contract, against L. H. Leonard alone ; and also a petition for the enforcement of that lien against L. H. Leonard, filed at June term 1856. To rebut this ground of defence, the plaintiff was allowed, against the defendant's objection, to prove that at the time of filing that claim he spoke to his counsel about a claim on this defendant therefor.

For the purpose of showing that the plaintiff did not consider that he had any claim against the defendant, the defendant offered evidence that he was pecuniarily responsible, and had abundant real and personal property open to attachment, at the time when the plaintiff made said claim and petition. It appeared that the plaintiff and defendant resided thirty miles apart, and no evidence was introduced or offered that the plaintiff had any knowledge of the defendant's condition as to property. The evidence offered was excluded.

The defendant requested the court to instruct the jury, that if they were satisfied, upon the evidence, that the agreement between the plaintiff and defendant under which the materials were furnished and labor was performed was that the plaintiff should go on and complete the contract he had made with L. H. Leonard, and that the defendant should perform the contract on the part of L. H. Leonard, and the plaintiff had performed his part of the contract, yet the plaintiff could not recover in this action. The court declined so to instruct the jury, but instructed them that under these circumstances the plaintiff could recover. The verdict was for the plaintiff, and the defendant alleged exceptions.

*F. H. Dewey & E. B. Stoddard,* for the defendant.

*P. C. Bacon,* for the plaintiff.

Bigelow, C. J. 1. The validity of a contract similar to the one relied on by the plaintiff in the present case was affirmed on full consideration in *Rand* v. *Mather,* 11 Cush. 1. The bill of exceptions does not show that the plaintiff claimed to recover

for any labor done or materials furnished in the erection of the building under the written contract prior to the agreement alleged to have been made by the defendant. Nor does it appear that anything was included in the sum found by the jury, except that which was supplied on the faith of the defendant's agreement. The facts stated to have been proved at the trial are somewhat indefinite on this point, but we cannot presume, in the absence of any statement to that effect, that the plaintiff was allowed to recover for items of charge which constituted a valid debt of a third person. The inference that the plaintiff did not claim to recover for that which was done under the written contract prior to the agreement entered into with the defendant is strengthened by the fact that the amount of his demand as set out in the account annexed is much less than the original contract price. It was a case in which the written contract was abandoned by the plaintiff, and he refused to continue the work or furnish materials under it. The agreement of the defendant was the sole consideration on which the plaintiff proceeded and completed the building.

2. The evidence of the plaintiff's statement at the time of filing his claim for a lien against L. H. Leonard was competent. It tended directly to rebut the inference which the defendant sought to draw from the fact that such lien had been claimed by the plaintiff, and being a part of the same transaction put in evidence by the defendant, it was admissible as *res gestæ.*

3. Evidence that the defendant was a person possessed of large property and in good credit was immaterial, because it was not accompanied by proof, or by any offer to show facts from which it could be inferred, that the pecuniary condition of the defendant was known to the plaintiff.

*Exceptions overruled.*